## In re BATTENFIELD.

No. 295. Nov. 15, 1938.

Harve N. Langley and E. R. Brown, for petitioner, A. Lee Battenfield.

V. P. Crowe and Coleman H. Hayes, for the State Bar.

WELCH, J. Accusation was filed against A. Lee Battenfield, a member of the State

Bar of Oklahoma, charging that theretofore, while regularly serving as county judge, the said Battenfield had accepted employment and rendered legal services for one of the parties interested in a matter to be acted upon by himself as county judge.

The respondent answered denying the charges, and stated his explanation and his version of what occurred in the matter.

After hearing as provided for in the State Bar Act, the respondent was found guilty of the charges, and the Board of Bar Governors recommended suspension from the practice of law for 30 days.

This court has concluded that upon the evidence, the findings and recommendation of the Board of Governors should be disapproved. The direct evidence is given by the complainant and the respondent. They, of course, directly contradict each other on the important points. The checks show that complainant never paid respondent $75, as he contends, but, on the contrary, paid him $60 in September, and thereafter in December, paid $15 to the court clerk.

Respondent's explanation that he received this $60 not in any part as compensation, but to cover stenographic expense and court costs, and that he so expended it, is supported by receipts and some oral testimony. This court attaches much importance to the strong improbabilities which assail the case against respondent. We have testimony of respondent and of other reputable members of the bar, of a former district judge, who well graced that position, and of a former member of this court of highest standing. This evidence, as construed by the court, is convincing that respondent well appreciated his responsibility to Indian heirs in considering applications to approve conveyances of their real estate. To accept the complainant's understanding of the matter as being true is to say, first, that respondent so far forgot his duty and his honor as to engage himself, for this small hire, to aid and represent this purchaser in the matter of the approval of deeds which he, as county judge, must pass upon; and, second, that respondent undertook in said employment to guarantee or procure for complainant a good and merchantable title to the lands in question, in fee simple, free of encumbrances, without an abstract of title and when the records showed a $400 mortgage, and the title being then owned by several adult and several minor Indian heirs. No invalidity of the mortgage is shown. On the contrary, its validity is

indicated by the fact that foreclosure suit was subsequently filed, and the complainant, on advice of counsel, paid the balance due. The respondent by his long practice of law and tenure in office in Mayes county would know the difficulties of thoroughly perfecting such a title; and the utter unreasonableness of such a contract or undertaking by any member of the bar, in the manner here understood by complainant, urges the position of respondent that he made no such undertaking.

On the whole record this court has concluded that the respondent only undertook to aid the land transaction by assisting with the preparation of the necessary documents and orders, and that he saw to it that the purchaser should pay the expense thereof by collecting and disbursing part of the expense money himself, and that he did not accept employment to represent the purchaser in any manner, and did not obligate himself to complainant to procure for him a perfect title to the lands.

The complainant was wholly uninformed as to the proceedings necessary to purchase lands from restricted adult and minor Indian heirs. He was wholly inexperienced in purchasing real estate. He had on the same day consulted at least two members of the bar relative to the expense of such county court proceedings and determinations of heirships and abstracts of title and the like. It is not unreasonable that the details of these matters were confusing to him. He may have actually believed that Judge Battenfield was acting as his attorney under contract to represent him as such, and to obtain for him and guarantee perfect title. Likewise he may have believed he was compensating Judge Battenfield for those services instead of merely paying the court costs and actual scrivener's expenses. Those beliefs may have been confirmed in complainant's mind when, some years later, he was confronted with the mortgage lien on his land, and sought to hold Judge Battenfield to the above version and to the claimed resulting duty of discharging the mortgage lien for him.

Whatever the complainant believed or concluded about the matter, this court has concluded that the clear weight of the evidence is contrary to his contentions; that the evidence falls far short of sufficiency to establish that respondent was guilty of the dishonorable conduct of entering complainant's employment in the matter and manner charged, or of making the contract or agree-

ment as to the land title as complainant suggests.

The record here may be taken as indicating that the respondent was somewhat over-active in rendering assistance in a matter himself in which with full justification he could have required that the services of an attorney be obtained. Such action by a county judge might lead a layman to believe that the judge is practicing law as his attorney, and therefore such action should not be indulged in or approved.

However, for the reasons stated, this court has concluded that the record here fails to justify the conviction of Judge Battenfield of the charges against him, and on the contrary requires his acquittal, and requires the disapproval of the recommendation of the Board of Governors of the State Bar, and it is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, HURST, and DAVISON, JJ., concur. GIBSON, J., absent.